[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#107) MOTION TO STRIKE
The plaintiff, Carole A. Faust, on behalf of her minor son, Randy, (Faust, herein), brings this action against the defendant, Connecticut Junior Republic Association, Inc., (CJR, herein) and three of its employees, John Sokolow, Kevin Tieman and Rod Pelletier. The Complaint is brought in two Counts, the first sounding in negligence and the second in breach of contract.
This action stems from injuries Faust sustained while participating in a CJR hiking/camping trip along the Appalachian Trail in May of 1998. Faust was enrolled as a resident student of the defendant CJR at the time. On May 16, 1998, the hiking party reached a rocky ravine overlooking a pool of water approximately ten to fifteen feet below. One of the CJR faculty members, the defendant, John Sokolow, offered to pay two dollars to the first student to jump from the ravine into the water ten to fifteen feet below. As a result of this offer, Faust jumped off the rocks into shallow water and sustained the injuries complained of in the Complaint.
On November 2, 1999, pursuant to Practice Book § 10-39, the defendants filed a Motion to Strike both counts of the Complaint. Subsequently, on November 10, 1999 the plaintiff filed an Amended Complaint and both parties thereupon agreed that the Motion to Srike should be denied as to the negligence claim (count one) of the Complaint. The Defendants' Motion to Strike Count Two of the Complaint, alleging breach of contract, is the subject of this Memorandum.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. ,240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike admits all facts well pleaded." Parsons v. United TechnologiesCorp. , 243 Conn. 66, 68, 700 A.2d 655 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp. , supra, CT Page 2418
The plaintiff alleges in the Second Count of the Complaint that CJR was a corporation engaged in the business of providing care, treatment and special education to its students, that the defendant promised to provide students, such as Faust, "with a unique opportunity for comprehensive treatment and special education, and . . . further represented that developing confidence in the student by its example of good judgment was its basic goal of treatment." The plaintiff alleges that engaging in such a business and enrolling the Plaintiff in the school constitutes a contract between the parties. The Plaintiff alleges that the defendants have breached the contract and the Plaintiff now seeks damages for that breach.
The defendants contend that the Second Count of the Plaintiff's Complaint fails to sufficiently allege a contract claim. The defendants argue that the Plaintiff "cannot transform allegations of negligence into allegations of contract without alleging that the accident and damages flowed from the contract." The defendants also argue that the plaintiffs claim that the fall and injuries were a result of a breach of contract is merely a legal conclusion and opinion and is not supported by the facts. Additionally, the defendant argues that Connecticut does not recognize a contract cause of action for educational institutional breach of contract.
In Gupta v. New Britain General Hospital, 239 Conn. 574,687 A.2d 111 (1996), the plaintiff was dismissed from the defendant hospital's residency program. There, the court found that the plaintiffs contract with the hospital was a contract for education, and not a contract for employment. The Gupta court affirmed the decision of the lower court and granted the defendant's motion for summary judgment. "[C]ontract claims challenging the overall quality of educational programs have generally been rejected." (Internal quotation marks omitted.) Id., 592.
The court in Gupta did, however, recognize two areas in which courts have entertained a cause of action for institutional breach of contract for educational services. The Gupta court outlines these two exceptions and relies on case law from jurisdictions other than Connecticut in its rationale.
"The first [exception] would be exemplified by a showing that the educational program failed in some fundamental respect, as by not offering any of the courses necessary to obtain certification CT Page 2419 in a particular field." Id. "A breach of [implied] contract may occur through affirmative noncompliance with the terms of the contract (i.e. `misfeasance'), as well as by a failure to perform at all (i.e. `nonfeasance')." Wickstrom v. North Idaho College,111 Idaho 450, 725 P.2d 155, 157 (1986). The Wickstrom court recognized that where a school failed to present certain fundamentals of a course, the school would be in breach of implied contract. Eight years later in Cencor. Inc. v. Tolman,868 P.2d 396, 398 (Colo. 1994), the Supreme Court of Colorado found that if the school failed to fulfill a specific obligation, such as failing to offer a certain class or a promised number of hours of instruction, then a claim in contract would lie.
In the case before the Court, the plaintiff does not allege that the defendants failed to present certain fundamentals of a course nor does the plaintiff allege that the defendant failed to offer certain classes or a promised number of course hours. The plaintiff does allege, however, that the defendant promised to instill self confidence in her son by its example of good judgment and this promise was breached when the defendant Sokolow induced Faust and others to jump off the rocks. This allegation does not fit within the first exception mentioned in Gupta v. NewBritain General Hospital, supra, 239 Conn. 592.
"The second [exception] would arise if the educational institution failed to fulfill a specific contractual promise distinct from any overall obligation to offer a reasonable program." Id., 593. The plaintiffs allegations resemble allegations that challenge the reasonableness of conduct by an educational program. These are "questions that must be answered by reference to principles of duty, standards of care, and reasonable conduct associated with the law of torts." (Emphasis added; internal quotation marks omitted.) Gupta v. New BritainGeneral Hospital, supra, 239 Conn. 590. Claims such as the plaintiffs claim in the present case tend to "involve the judiciary in the awkward tasks of defining what constitutes a reasonable educational program and of deciding whether that standard has been breached." Id., 591. It is well settled that a court will not "substitute its notions as to what would have been a better course of instruction to follow for a particular pupil."Paladino v. Adelphi University, 454 N.Y.S.2d 868, 873, 89 App.Div.2d 85
(1982).
Based upon its careful consideration of the arguments of counsel at the hearing on this motion and based upon its further CT Page 2420 careful review of the memoranda of law that have been submitted in connection with said Motion to Strike and the Objections thereto, this Court concludes that the Second Count of the Plaintiff's Complaint fails to state a claim upon which relief can be granted. The allegations by the Plaintiff against the Defendants are tort claims and are fully set forth in the First Count of the Complaint.
Accordingly, the Motion to Strike the Second Count of the Complaint is granted. The Motion to Strike the First Count of the Complaint is denied by agreement of the parties in recognition of the amendment thereto that has been filed by the Plaintiff.
BY THE COURTCARROLL, J.